UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00024-R

SHAWN JACKSON                                                                                          PLAINTIFF

v.

MURRAY STATES UNIVERSITY, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendants Murray State University ("MSU") and Randy J. Dunn have moved to dismiss the claims against them in Plaintiff's complaint (DN 5). Plaintiff has responded (DN 7) and Defendants have replied (DN 8). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff Shawn Jackson, an African American, was a student at MSU during the relevant events. Sometime around February 19, 2010, Jackson and other students were invited to attend a party at an off-campus fraternity house. The party was hosted by the Gamma Upsilon chapter of the Sigma Pi fraternity. While in attendance, Jackson says he was assaulted and called racial slurs by two or more members of the fraternity. He claims that despite his complaints to MSU's police about the incident, no action was taken against Gamma Upsilon or its members. He also avers that certain organizations affiliated with MSU were aware of and sanctioned the party, and that Gamma Upsilon's faculty advisor was present.

Jackson now brings suit against MSU, Randy J. Dunn in his individual and official capacity as the president of MSU, Sigma Pi Fraternity International, Inc., the Gamma Upsilon chapter of Sigma Pi, and all unknown members and officers of the Gamma Upsilon chapter of

1

Sigma Pi. Against MSU and Dunn, Jackson asserts the following theories of recovery: (1) interference with the right to contract in violation of 42 U.S.C. § 1981, (2) violations of his Fourteenth Amendment substantive and procedural due process rights under 42 U.S.C. § 1983, (3) conspiracy to interfere with his civil rights in violation of 42 U.S.C. § 1985, (4) violations of the Kentucky Civil Rights Act and the Civil Rights Act of 1964, (5) violations of sections one, two and three of the Kentucky Constitution, and (6) the state-law tort of outrage. DN 1 at 7-10. Jackson also declares that MSU and Dunn are vicariously liable for the torts of assault and battery. *Id*. at 10. MSU and Dunn seek to dismiss the claims leveled against them, asserting that this action is barred on a number of legal and procedural grounds.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

### I. Claims against MSU and official capacity claims against Dunn

This motion first offers that the claims against MSU and Dunn in his official capacity should be disallowed because each is entitled to sovereign immunity. The Eleventh Amendment to the Constitution generally bars suits brought in federal court against a state and its agencies. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A suit against a state official in his or her official capacity is considered a suit against the official's office. *Id.* (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Public universities in Kentucky and their directors are state agencies and officials for Eleventh Amendment purposes. *See Hutsell v. Sayre*, 5 F.3d 996, 999-1000 (6th Cir. 1993) (explaining why the University of Kentucky was an "arm of the state under state law"); *Weathers v. Ky. State Univ.*, No. 3: 09-CV-00004, 2009 WL 1683711, at *3 (E.D. Ky. June 16, 2009) (explaining that lawsuit against university officials including the president was barred by the Eleventh Amendment).

Many of Jackson's federal and state claims are barred by the Eleventh Amendment. *See e.g.*, *Ejikeme v. Violet*, 307 F. App'x 944, 951 (6th Cir. 2009) (bar of Eleventh Amendment applies to claims under section 1981); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) ("Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983."); *Mosier v. Kentucky,* 640 F. Supp. 2d 875, 879 (E.D. Ky. 2009)

("Kentucky has not waived its immunity from suit in federal court for claims under KRS Chapter 344."); *Davis v. Kent State Univ.*, 928 F. Supp. 729, 732 (N.D. Ohio 1996) (state university was entitled to sovereign immunity for claim under section 1985); *An-Ti Chai v. Mich. Technological Univ.*, 493 F. Supp. 1137, 1162 (W.D. Mich. 1980) (same); *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) ("[A] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function."). As a result, these claims against MSU and Dunn may not proceed.

Notwithstanding these decisions, Jackson provides several equally unpersuasive arguments in hopes of sidestepping this precedent. First, he states that since the thrust of the Eleventh Amendment's protections are to safeguard a state's treasury, the likelihood that MSU has insurance to offset a lawsuit works as an express waiver of its sovereign immunity. This is incorrect, as the Supreme Court has expressly rejected such an argument. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430-31 (1997). Jackson also likens this matter to *Ky. Ctr. for the Arts Corp. v. Berns*, 801 S.W.2d 327 (Ky. 1990), where the Kentucky Supreme Court found that the state had waived its sovereign immunity for an arts corporation that did not perform any governmental functions. This case is dissimilar from the instant matter, as it dealt with a state corporation and not a public university. Jackson further points to written policies issued by MSU governing the Greek system and other student groups. DN 7-1; DN 7-2; DN 7-3. He says that they also operate as a waiver of the Eleventh Amendment because they are in place for the protection of the student body. "[A] state cannot be sued except upon a specific and explicit waiver of sovereign immunity." *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 744 (6th Cir. 2005) (quoting *Commonwealth v. Whitworth*, 74 S.W.3d 695, 699 (Ky. 2002)). Even if MSU

4

could waive its sovereign immunity on its own, the written policies cited by Jackson do not discuss the Eleventh Amendment or contemplate permitting legal action against MSU. Finally, Jackson's allusions to KRS § 273.171 do not sway the Court, since that the Sixth Circuit has previously rejected an argument that the "sue and be sued" language of the statute impacted Kentucky's constitutional protections. *See Martin v. Univ. of Louisville*, 541 F.2d 1171, 1175-76 (6th Cir. 1976).

The precedent reveals that the Jackson's claims under 42 U.S.C. §§ 1981, 1983, 1985, the Kentucky Civil Rights Act, and the state law torts of outrage, assault, and battery should be dismissed against MSU and Dunn in his official capacity.

### II. Individual capacity claims against Dunn

The federal and state claims against Dunn in his individual capacity are insufficiently pled to continue. Under federal law, an individual-capacity suit "seek[s] to impose personal liability on a government official for actions taken under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In a lawsuit against a government official like Dunn, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. "A government official may only be held liable for his or her own individual acts of misconduct." *Weathers*, 2009 WL 1683711, at *3.

Although Jackson seeks to tie Dunn to the federal theories of recovery, there is no particularized account in the complaint that tells what he did exactly. In fact, the only specific allegation about Dunn in the complaint is that he is the president of MSU. In his response, Jackson refers to the aforementioned policies of MSU that spell out the rules for student groups

5

and Greek organizations. He argues that these documents show that Dunn was involved in administering social events such as Gamma Upsilon's party. This is inaccurate. The regulations make no mention of the president either directly or indirectly and the facts as pled do not show that Dunn had a hand in planning, approving, or supervising the events of February 19, 2010.

The state law causes of action aimed at Dunn are equally flawed. A prima facie case of outrage requires that a plaintiff show at least the wrongdoer's conduct was intentional or reckless, and that the conduct was so outrageous and intolerable that it offended the generally accepted standards of decency and morality. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (omitting two of the criteria) (citation omitted). The complaint is altogether absent of an action or inaction by Dunn that would give way to a colorable claim under this standard. Though Jackson also tries to tie Dunn to the torts of assault and battery through respondeat superior, this too is misguided as there are no facts alleged indicating why or how Dunn would be responsible for the acts of Gamma Upsilon's members during an off-campus party. His claims under the Kentucky Civil Rights Act ("KCRA") must also fail for these reasons as well. *LaPorte v. B.L. Harbert Intern., LLC*, No. 5:09-CV-219, 2010 WL 1542500, at *3 (W.D. Ky. Apr. 16, 2010) (claims under the KCRA must satisfy *Twombly* standard)

Jackson's response points to *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001), a case that ostensibly shows that Dunn and MSU may be held liable for violating their ministerial functions, such as failing to supervise the faculty advisor in attendance at the party. Considering that *Yanero* dealt with a common law negligence claim in the context of summary judgment, the Court finds this case substantially dissimilar to the matter at hand. Furthermore, *Yanero* does not change the requirement that Jackson must allege some affirmative act by Dunn in his complaint

6

to defeat this motion.

### III. Claims under the Kentucky Constitution

Jackson's complaint includes claims under sections one, two, and three of the Kentucky Constitution. To the extent they are not barred for the above-mentioned reasons, they may also be discarded because Jackson fails to create a nexus between these violations and a state statutory vehicle. Since Kentucky law does not recognize a private cause of action under its Constitution, this portion of Jackson's complaint is inappropriate. *See e.g.*, *Welch v. Gill*, No. 5:03CV-73-R, 2006 WL 861295, at *4 (W.D. Ky. Mar. 28, 2006) (no private cause of action under section one of Kentucky Constitution)*; Tallman v. Elizabeth Police Dept.*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004) (no private right of action under the section one or two); *Baker v. Campbell Cnty. Bd. of Educ.*, 180 S.W.3d 479, 482-84 (Ky. Ct. App. 2005) (no private right of action under section one).

### V. Claim under the Civil Rights Act of 1964

Defendants further advance that the Court is without jurisdiction to hear Jackson's claims under the Civil Rights Act of 1964 ("Federal Act"), and therefore dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1). "In response to a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction." *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007).

Title II of the Federal Act bars discrimination in places of public accommodation on the basis of religion, national origin, race, and color. *See* 42 U.S.C. § 2000a. It permits "a civil action for preventative relief, including a permanent or temporary injunction, to prohibit such discrimination in a place of public accommodation." *S.G. v. CBL & Assocs. Mgmt., Inc.*, No.

7

1-09-CV-83, 2010 WL 743731, at *2 (E.D. Tenn. Feb. 26, 2010) (citing 42 U.S.C. § 2000a-3(a)). Yet before action can be taken under this provision, where a state has a statutory analogue to the Federal Act that authorizes a state organization to grant relief from the discriminatory practice, "no civil action may be brought under [the Federal Act] before the expiration of thirty days after written notice of [the discrimination] has been given to the appropriate State or local authority . . . ." 42 U.S.C. § 2000a-3(c). Put another way, "[p]laintiffs are required to first avail themselves of the state administrative remedies before proceeding in federal court." *Halton v. Great Clips, Inc.*, 94 F. Supp. 2d 856, 861 (N.D. Ohio 2000) (citing *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990)).

The KCRA both outlaws discriminatory acts and establishes the Kentucky Human Rights Commission ("Commission"). *See* KRS §§ 344.120, 344.150. Despite this statutory framework, Jackson has failed to show that he followed the procedure set forth in 42 U.S.C. § 2000a-3(c) by sending a complaint regarding the incident to the Commission within 30 days of its occurrence. Since sections 2000a-3(c)'s requirements are jurisdictional in nature and because Jackson has not shown that he has complied, this particular claim is not properly before the Court. *See CBL & Assocs.*, 2010 WL 743731, at *2 (section 2000a-3(c) affects a court's jurisdiction). Hence, this claim is dismissed as well.

## CONCLUSION

The sum of these findings is simple: Jackson has failed to state an actionable claim against either MSU or Dunn. Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss (DN 5) is GRANTED. Defendants Murray State University and Randy J. Dunn are DISMISSED. This action continues against Defendants Sigma Pi Fraternity International, Inc.,

the Gamma Upsilon chapter of Sigma Pi, and all unknown members and officers of the Gamma Upsilon chapter of Sigma Pi.